IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROGER D. WHITE,                    )
                                   )
                Plaintiff,         )
                                   )      No.  CV-05-1163-HU
        v.                         )
                                   )
COMMISSIONER, SOCIAL SECURITY      )      ORDER
ADMINISTRATION,                    )
                                   )
                Defendant.         )
_____)

MOSMAN, District Judge:

       Plaintiff Roger D. White filed this action to review the
Commissioner's final decision denying social security disability
benefits.  The action was filed July 26, 2005.  On that same date,
plaintiff filed a motion for extension of time to file an
application to proceed *in forma pauperis*.  I granted the motion for
extension of time, requiring plaintiff to file the *in forma
pauperis* application by August 26, 2005.

       Plaintiff never filed the application.  On December 22, 2005,
I issued an Order to Show Cause, requiring plaintiff to show cause
in writing, no later than January 11, 2006, why this case should
not be dismissed for failure to prosecute.  Plaintiff did not

1 - ORDER

1  respond to the Order to Show Cause.

2      A district court may *sua sponte* dismiss a case for failure to
3  prosecute.  Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984).
4  Based on Federal Rule of Civil Procedure 41(b), the court should
5  consider five factors before dismissal of a case:  (1) the interest
6  of the public in the speedy resolution of cases; (2) the need of
7  the court to control and manage its docket; (3) the potential risk
8  of prejudice to the defendant; (4) public policy favoring
9  disposition of cases on their merits; and (5) the availability of
10 other options.  Harrison v. Health Net Health Plan of Or., Inc.,
11 No. CV-02-1320-HA 2005 WL 465132, at *1 (D. Or. Feb. 28, 2005);
12 see also Yourish v. California Amplifier, 191 F.3d 983, 990 (9th
13 Cir. 1999) (listing factors).  Moreover, before dismissing a case
14 for lack of prosecution, the court must find that there has been
15 unreasonable delay.  Harrison, 2005 WL 465132, at *2.

16     Here, plaintiff's case has been pending for seven months with
17 no movement towards a decision on the merits because of plaintiff's
18 failure to file his *in forma pauperis* petition.  The pendency of a
19 stalled case unnecessarily clogs the court's docket.  While public
20 policy may prefer a disposition on the merits of the case, in a
21 social security case, there has already been a decision on the
22 merits issued by an Administrative Law Judge. At this point, there
23 are no other options.  Finally, while the particular procedural
24 posture here may or may not create prejudice to defendant, it
25 certainly puts defendant in an awkward position of uncertainty as
26 to whether plaintiff is or is not seriously contesting the
27 underlying decision.  Thus, this case is appropriate for dismissal.
28 / / /

1                              CONCLUSION

2        The case is dismissed for lack of prosecution.

3        IT IS SO ORDERED.

4              Dated this __27__ day of __February__, 2006.

5

6

7                              _____
                               Michael W. Mosman
8                              United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3 - ORDER